# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES II, LLC,<br><br>PLAINTIFF,<br><br>vs.<br><br>AT&T CORP. D/B/A AT&T ADVANCED SOLUTIONS D/B/A SBC ADVANCED SOLUTIONS; AT&T COMMUNICATIONS OF TEXAS, LLC; AT&T OPERATIONS, INC.; AT&T SERVICES, INC.; AT&T VIDEO SERVICES, INC. A/K/A AT&T VIDEO SERVICES, LLC; SBC INTERNET SERVICES, INC. D/B/A AT&T ENTERTAINMENT SERVICES D/B/A AT&T INTERNET SERVICES D/B/A PACIFIC BELL INTERNET SERVICES; AND SOUTHWESTERN BELL TELEPHONE COMPANY,<br><br>DEFENDANTS. | Civil Action No. 1:13-CV-00116-LY<br>(LEAD CASE) |
| INTELLECTUAL VENTURES II, LLC,<br><br>PLAINTIFF,<br><br>vs.<br><br>CENTURYTEL BROADBAND SERVICES, LLC D/B/A CENTURYLINK AND QWEST CORP. D/B/A CENTURYLINK QC,<br><br>DEFENDANTS. | Civil Action No. 1:13-CV-00118-LY |

| | |
|---|---|
| **INTELLECTUAL VENTURES II, LLC,**<br><br>**PLAINTIFF,**<br><br>vs.<br><br>**WINDSTREAM COMMUNICATIONS TELECOM, LLC, WINDSTREAM COMMUNICATIONS KERRVILLE, LLC, WINDSTREAM SUGARLAND INC., TEXAS WINDSTREAM, INC., VALOR TELECOMMUNICATIONS OF TEXAS, LLC D/B/A WINDSTREAM COMMUNICATIONS SOUTHWEST, PAETEC COMMUNICATIONS, INC., AND MCLEOD USA TELECOMMUNICATIONS SERVICES, LLC D/B/A PAETEC BUSINESS SERVICES,**<br><br>**DEFENDANTS.** | **Civil Action No. 1:13-CV-00119-LY** |

**PLAINTIFF INTELLECTUAL VENTURES II, LLC's
OPPOSED MOTION TO CLARIFY THE COURT'S
<u>STATEMENTS CONCERNING SCHEDULING PROCEDURES</u>**

Plaintiff Intellectual Ventures II, LLC ("IV") hereby files this motion respectfully requesting that the Court clarify its statements concerning the parties' obligations to engage in good-faith scheduling negotiations before the Court issues its claim construction order. Following the June 20, 2014 *Markman* hearing, the Court stated that the parties should ready themselves for the Court's forthcoming scheduling conference by discussing a post-*Markman* schedule "among yourselves now." To that end, IV prepared and transmitted a proposed case schedule to Defendants. Defendants refused to respond substantively, and instead stated they will delay any discussion until after the Court issues its *Markman* order. IV respectfully requests the Court's intervention to resolve the parties' impasse.

The relevant factual background is straightforward: After IV commenced these actions, the Court entered a Joint Initial Scheduling Order that set a schedule relating to claim construction, and otherwise provided that "no party shall engage in any discovery other than that described in this Order without further order of the Court." (D.I. 38.)[1] The parties duly filed their claim construction submissions, and appeared for a *Markman* hearing before the Court on June 19 and 20, 2014. (D.I. 71, 73.)

At the close of the hearing, the Court directed the parties to promptly engage in negotiations concerning a schedule for the post-claim construction phase of the case. Specifically, the Court indicated that it might well allow litigation to proceed before issuing a claim construction order:

---

[1] Per the Court's Order (D.I. 39), all docket entries cited herein refer to lead case No. 1:13-CV-00116-LY.

> I want you to start thinking about what schedule you need to be on
> to get this case ready for trial because I'm inclined in this case not
> to stop everything until we get the *Markman* order out, but to allow
> it to go ahead and proceed.

(Exh. A (6/20/14 Tr.) at 134:4-7.)  The Court further noted that it expected to convene a conference to address the post-claim-construction phase of the case relatively soon:

> [I]n the fairly near future, you'll hear from us wanting to set a
> conference call . . . . to talk about that and talk about future
> scheduling.  So it might not be a bad idea for you-all to start
> talking among yourselves now about what kind of schedule you
> could be on to get this case ready to go to trial and how much time
> you realistically need, knowing that at some time during that time
> line we will produce a claims construction order.

(*Id.* at 134:20-135:4.)  The Court expressed its desire that that parties be prepared for that eventuality:

> I wanted to let you-all know that and let you-all start thinking
> about that and maybe talking among yourselves about that so it
> wouldn't come as a surprise when I get you-all together on the
> phone . . .

(*Id.* at 135:18-21.)  The Court explicitly contrasted the above instructions with its general procedures, based on the expansive substantive scope and U.S.-centered nature of this case:

> [W]hat I generally do in a patent case is not have anything else
> proceed until we have rendered our *Markman* order.  I do that
> primarily to help your clients so you don't spend a whole lot of
> time traveling around the world taking a large number of
> depositions that may not be necessary and because a large number
> of patent cases settle after I've rendered a *Markman* order.  That's
> what history has shown.  This one is a little different.  We have an
> awful lot of claims. . . . It seems like most of this case and most of
> what would be done with it is in the United States.  So I'm not
> quite as concerned about what would happen with discovery if I
> allowed the case to proceed while we were working on *Markman*,
> and I think that would be better for all concerned.

(*Id.* at 132:24-133:7, 134:13-18.)

2

On October 29, 2014, IV—anticipating that the Court could request that the parties appear for a scheduling conference at any time, and wishing to be ready in that event—attempted to comply with the Court's direction, and sent an initial case scheduling proposal to Defendants. (Exh. B)  On November 3, Defendants responded that "the stay currently remains in place" and declined to meet and confer concerning IV's proposal until "after the Court orders a scheduling conference."  (Exh. C)  To Defendants' credit, on November 18 (following prompting by IV), Defendants reconsidered their previous position, and declared themselves "agreeable to discussing [IV's] proposed schedule" in December.  (*Id.*)  Yet, when the parties finally convened on December 4 (and in follow-up correspondence thereafter), Defendants reverted to their earlier position: *i.e.*, Defendants argued that the Court's June 20 statements did not obligate the parties to begin negotiating a detailed case schedule, and that any such negotiations should be deferred until after the Court issues its forthcoming *Markman* order and the parties have had time to determine any impact on the patents-in-suit.  (Exhs. D & E)  Defendants maintained that the Court's June 20 comments did not indicate the Court's intent to depart from "the Court's usual practice."  (*Id.*)  In the face of Defendants' objections, IV reserved its rights to request that the Court clarify the intent of its June 20 comments, and the parties' negotiation-related obligations that follow from the same.  (Exh. D)

In refusing to negotiate a schedule, Defendants further argue that "[t]he scope of discovery, the case, and the corresponding schedule likely will change significantly depending on the Court's constructions and which of IV's 120 asserted claims remain in the litigation [post-*Markman*]."  (Exh. F)  Defendants have not since reconsidered their position.  Defendants apparently believe the Court was unaware of these considerations when it requested the parties to negotiate a schedule in advance of the *Markman* order.  To the contrary, the Court's comments

3

reveal that the size of the case and the number of patents involved, as well as the U.S.-centric nature of anticipated discovery, led to the Court's conclusion that a "one-size-fits-all" approach might be inappropriate here, and the Court's resulting inclination to let the case proceed.  (Exh. A at 132:24-133:7, 134:13-18.)  Defendants' position is flatly inconsistent with the Court's request for the parties to discuss "now" the schedule and amount of time required to prepare the case for trial, while awaiting a *Markman* order.  (Exh. A at 134:24-135:4.)

IV wishes to ensure that there is sufficient time to address the issues that the Court identified:  *i.e.*, The process of negotiating a mutually agreeable proposed scheduling order could take some time, and early narrowing of disputed scheduling issues would allow the parties to most efficiently streamline subsequent presentations to the Court.  Thus, it is only sensible that the parties should begin to negotiate now, so as to be ready when the parties are called to appear before the Court.  Given Defendants' refusal to negotiate despite a seemingly clear directive, IV respectfully requests that the Court issue an order clarifying its June 20 statements, and ordering Defendants to engage in good-faith negotiations with IV concerning a proposed case schedule now, before the Court issues its *Markman* order or sets a scheduling conference.

A Proposed Order is attached hereto.

DATED: December 11, 2014   Respectfully submitted,

/s/ *Jeffrey B. Plies*
Jeffrey B. Plies
Signature on file with the U.S. District Clerk

Martin J. Black (SBN 050751991)
-- LEAD ATTORNEY (admitted *pro hac vice*)
martin.black@dechert.com
DECHERT LLP
Cira Centre 2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Jeffrey B. Plies (SBN 24027621)
jeffrey.plies@dechert.com
Joshua J. Yi (SBN 24084133)
(admitted *pro hac vice*)
joshua.yi@dechert.com
Stephen R. Dartt (SBN 24042370)
stephen.dartt@dechert.com
DECHERT LLP
300 W. 6th Street
Suite 2010
Austin, TX 78701
(512) 394-3000

Stephen J. Akerley (SBN 240793)
(admitted pro hac vice)
stephen.akerley@dechert.com
S. Michael Song (SBN 198656)
(admitted pro hac vice)
michael.song@dechert.com
Justin F. Boyce (SBN 181488)
(admitted pro hac vice)
justin.boyce@dechert.com
DECHERT LLP
2440 W. El Camino Real Suite 700
Mountain View, CA 94040-1499
(650) 813-4800

Counsel for Plaintiff
Intellectual Ventures II LLC

5

**CERTIFICATE OF CONFERENCE**

IV conferred with counsel for Defendants in a good-faith, but ultimately unsuccessful, attempt to resolve this issue. Specifically, on December 4, 2014, Counsel for Defendants advised IV that Defendants are opposed to the relief requested in this motion.

/s/ Jeffrey B. Plies
Jeffrey B. Plies

**CERTIFICATE OF SERVICE**

The undersigned hereby certified that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5 (b)(1) on December 11, 2014. All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

/s/ Jeffrey B. Plies
Jeffrey B. Plies