# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CENTURYTEL BROADBAND SERVICES, LLC D/B/A CENTURYLINK AND QWEST CORP. D/B/A CENTURYLINK QC,<br><br>    Defendants. | Consolidated Civil Action Nos.<br>1:13-cv-116-LY; 1:13-cv-118-LY<br><br>JURY TRIAL DEMANDED |

**UNOPPOSED MOTION FOR ENTRY OF AMENDED INFRINGMENT CONTENTIONS**

## I. INTRODUCTION

At the time of Intellectual Ventures's July 31, 2013 infringement contentions, discovery was not yet open. Therefore, Intellectual Ventures identified those CenturyLink products that it believed infringed and could reasonably be identified through publicly-available sources. Since then, the Court has allowed discovery to begin and through that discovery Intellectual Ventures has learned of additional DSLAMs and consumer modems that are employed in CenturyLink's network and infringe or are used to infringe Intellectual Ventures's patents.

Therefore, for completeness and to avoid dispute, Intellectual Ventures requests leave to amend Attachment B to its infringement contentions, identifying additional makes and models of infringing DSLAM and consumer modem accused products. *See* Mot. to Seal, Exh. 1 Attachment B.

## II. BACKGROUND FACTS

### A. Infringement Contentions

Intellectual Ventures filed its complaint against CenturyLink on February 8, 2013. Compl., ECF No. 1. In accordance with the Court's Joint Initial Scheduling Order, 13-cv-116, ECF No. 38, on July 8, 2013, Intellectual Ventures served notice that it elected to pursue 120 claims.

On July 31, 2013, Intellectual Ventures served its initial infringement contentions, providing detailed infringement theories for each of the 120 claims. Declaration of Carl Gismervig in Support of Plaintiff's Opposed Motion for Entry of Amended Infringement Contentions ("Gismervig Decl.") ¶ 4. Along with these infringement contentions, Intellectual Ventures included a document captioned "EXEMPLARY CENTURYLINK DSL MODEMS AND DSLAM'S" as Attachment B. *Id.*; Gismervig Decl., Ex. A. As discovery was not yet

open, this list identified Defendants' products that Intellectual Ventures believes infringe that could be reasonably be identified via publicly-available sources.

After this Court's claim construction order, and pursuant to the Case Management Order, Intellectual Ventures served its amended infringement contentions and limited the number of asserted claims to 60 on October 26, 2015. *See* Case Management Order at 4, 13-cv-116 ECF No. 88. At this time, Intellectual Ventures again reviewed the information publicly available, including the Defendants' websites, and updated the attached exemplary products lists with additional products. As Defendants opposed the entry of the amended infringement contentions, IV filed an Opposed Motion for Entry of Amended Contentions, 12-cv-116 ECF No. 109. The Court subsequently granted leave to amend the exemplary list directed to CenturyLink to add the Actiontec C1900A and Zyxel C1100Z DSL modems. *See* Order 3 n.1, 5-6, 13-cv-116 ECF No. 122.

### B. Identifying Additional DSLAM and DSL Modem Model Numbers

CenturyLink's response to Intellectual Ventures' Interrogatory No. 2 on January 11, 2016, revealed several additional DSLAM model numbers beyond what Intellectual Ventures had previously discovered through publicly available sources and identified in its supplemental infringement contentions. Gismervig Decl. ¶ 6. Additionally on February 5, 2016, CenturyLink produced documents marked highly-confidential, including a spreadsheet at CTLIV0050059 identifying several additional DSL Modems and variants of DSLAMs, which are included in Attachment B.

On February 12, Intellectual Ventures advised CenturyLink that it would move the Court for leave to add the additional models it had discovered to Attachment B, and asked CenturyLink if they would oppose the motion. Gismervig Decl. ¶ 7. The parties conducted a meet and confer

on February 17, 2016.  In subsequent correspondence CenturyLink confirmed that it would not oppose this motion.  *Id.*

## III. INTELLECTUAL VENTURES SHOWS GOOD CAUSE FOR LEAVE TO AMEND ITS CONTENTIONS

Intellectual Ventures amply demonstrates good cause for leave to amend its infringement contentions to supplement its exemplary products lists.  Texas courts balance four factors to determine whether good cause exists: "(1) the explanation for the failure to meet the deadline, (2) the importance of the thing that would be excluded, (3) the potential prejudice in allowing the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice."  Mem. Op. and Order, *Tivo, Inc. v. Verizon Communications, Inc.*, No. 2:09:cv-00257-JRG (E.D. Tex. June 6, 2012), ECF No. 297 [hereinafter *Tivo*]; *see also S & W Enters. L.L.C. v, Southtrust Bank of Alabama*, 315 F.3d 533, 535-6 (5th Cir. 2003).

### A. Intellectual Ventures Has Been Diligent in Identifying Specific Makes and Models of Accused Product, Satisfying Factor (1).

As discussed above, Intellectual Ventures included a list of exemplary makes and models of infringing DSLAMs and DSL modems with its original and supplemental infringement contentions based on publicly available information that Intellectual Ventures was able to discover.

CenturyLink first began producing documents in December 2015 and February 2016 that disclosed the makes and models of DSLAMs and DSL modems that Intellectual Ventures seeks to add to Attachment B.  Upon receipt and review of CenturyLink's confidential documents, Intellectual Ventures sought to amend its contentions to add makes and models of DSLAMs and DSL modems deployed by CenturyLink that Intellectual Ventures had not been able to previously identify.  *See* Mem. Op. & Order at 3-4, *Allvoice Developments US, LLC, v. Microsoft Corp.*, No. 6:09-cv-3665 (E.D. Tex. June 4, 2010) (granting leave to amend where "Defendant's

confidential documents contained information necessary for Plaintiff to assert infringement of these additional claims"); *Tivo* at 2 (granting leave to amend where Plaintiff determined Defendant's sale of product from Defendant's interrogatory response).

### B. The Identified Model Numbers Should Be Included to Fully Resolve the Dispute Between the Parties, Satisfying Factor (2)

Without including the additional DSLAM and DSL Modem model numbers that Intellectual Ventures has identified, the parties would dispute whether these specific makes and models stand accused in this litigation. Granting Intellectual Ventures's unopposed motion would resolve this question, and to the extent these makes and models do not already stand accused would prevent Intellectual Ventures from being forced to file a separate lawsuit to adjudicate the dispute regarding these models. "[I]t is important for the Court and the parties to deal with all possible infringement claims . . . in the instant case, rather than requiring additional litigation." *Commonwealth Scientific and Industrial Research Organization v. Mediatek Inc.* at 4, No. 6:12-CV-578 (E.D. Tex. Aug. 4, 2014) (granting leave to amend even where plaintiff failed to provide any legitimate reason for failing to accuse products). This factor weighs heavily in Intellectual Ventures's favor.

### C. Defendants Do Not Oppose This Motion.

CenturyLink does not oppose this motion, and Intellectual Ventures is not aware of any specific prejudice that CenturyLink would suffer based on the entry of this motion. Intellectual Ventures' 2013 infringement contentions indicated that Intellectual Ventures accuses DSLAMs and consumer modems used by CenturyLink that operate in accordance with certain DSL standards. These additional makes a models fall within the category of products that Intellectual Ventures identified in 2013.

### D. A Continuance is Not Required.

Intellectual Ventures does not believe that a continuance is required.  The close of fact discovery is still several months away on July 1, 2016, and trial is set to begin in 2017. Defendant has already begun producing documents relating to these makes and models, and Defendant does not oppose this motion to amend.

## IV. CONCLUSION

Intellectual Ventures respectfully asks the Court's leave to enter these amended infringement contentions to update Attachment B, the exemplary products list for CenturyLink.

## V. CONFERENCE STATEMENT

On Friday, February 17, 2016, counsel for Intellectual Ventures II LLC, including Michael Song, Carl Gismervig, and Utsav Gupta of Dechert LLP, met and conferred with Melody Drummond-Hansen and Mark Liang of O'Melveny & Myers LLP, counsel for the CenturyLink Defendants, in a good faith effort attempt to resolve the matters discussed above. Gismervig Decl. ¶ 7.  CenturyLink has indicated that it does not oppose this motion.  *Id.*

Dated: February 29, 2016                             Respectfully Submitted


  /s/ Jeffrey B. Plies
Martin J. Black
(admitted *pro hac vice*)
PA State Bar No. 050751991
**DECHERT LLP**
Cira Centre 2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
martin.black@dechert.com

Jeffrey B. Plies
State Bar No. 24027621
**DECHERT LLP**
300 W. 6th Street
Suite 2010
Austin TX, 78701
Tel.: (512) 394-3000
Facsimile: (512) 394-3001
jeffrey.plies@dechert.com

Stephen J. Akerley
(admitted *pro hac vice*)
CA State Bar No. 240793
Justin F. Boyce
(admitted *pro hac vice*)
CA State Bar No. 181488
S. Michael Song
(admitted *pro hac vice*)
CA State Bar No. 198656
**DECHERT LLP**
2440 W .El Camino Real Suite 700
Mountain View, CA 94040-1499
Telephone: (650) 813-4800
Facsimile: (650) 813-4848
stephen.akerley@dechert.com
justin.boyce@dechert.com
michael.song@dechert.com

*Attorneys for Plaintiff Intellectual Ventures II LLC*

- 7 -

## CERTIFICATE OF SERVICE

The undersigned hereby certified that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5 (b)(1) on February 29, 2016.  All other counsel not deemed to have consented to service in such manner will be served via facsimile transmission and/or first class mail.

*/s/ Jeffrey B. Plies*
Jeffrey B. Plies