**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **INTELLECTUAL VENTURES II, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 1:13-cv-00116** |
| | § | **(Lead Case)** |
| | § | |
| **v.** | § | **Jury Trial Demanded** |
| | § | |
| **AT&T CORP.** | § | |
| **(d/b/a AT&T ADVANCED SOLUTIONS,** | § | |
| **d/b/a SBC ADVANCED SOLUTIONS);** | § | |
| **AT&T COMMUNICATIONS OF TEXAS, LLC;** | § | |
| **AT&T OPERATIONS, INC.;** | § | |
| **AT&T SERVICES, INC.;** | § | |
| **AT&T VIDEO SERVICES, INC.;** | § | |
| **SBC INTERNET SERVICES, INC.** | § | |
| **(d/b/a AT&T ENTERTAINMENT** | § | |
| **SERVICES, d/b/a AT&T INTERNET** | § | |
| **SERVICES, d/b/a PACIFIC BELL** | § | |
| **INTERNET SERVICES);** | § | |
| **and** | § | |
| **SOUTHWESTERN BELL TELEPHONE** | § | |
| **COMPANY,** | § | |
| **Defendants.** | § | |

**DEFENDANTS AT&T CORP., AT&T COMMUNICATIONS OF TEXAS, LLC, AT&T
OPERATIONS, INC., AT&T SERVICES, INC., AT&T VIDEO SERVICES, INC., SBC
INTERNET SERVICES, INC., AND SOUTHWESTERN BELL TELEPHONE CO.'S FIRST
AMENDED ANSWER AND COUNTERCLAIMS TO INTELLECTUAL VENTURES II,
LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants AT&T Corp., AT&T Communications of Texas, LLC, AT&T Operations, Inc.,

AT&T Services, Inc., AT&T Video Services, LLC, SBC Internet Services, Inc., and Southwestern Bell

Telephone Company (collectively "AT&T Defendants") hereby provide their First Amended Answer

and Counterclaims to Plaintiff Intellectual Ventures II, LLC's ("IV's") Complaint for Patent

Infringement ("Complaint").

## THE PARTIES

1.      The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint, and therefore deny them.

2.      The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of the Complaint, and therefore deny them.

3.      AT&T Corp. admits that it is a New York corporation with a place of business at One AT&T Way, Bedminster, New Jersey 07921.  AT&T Corp. admits that it is a wholly owned subsidiary of AT&T Inc.  AT&T Corp. admits that it has conducted limited business under the name AT&T Advanced Solutions.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 3 of the Complaint.

4.      AT&T Communications of Texas, LLC admits that it is a Delaware limited liability corporation with a place of business at One AT&T Way, Bedminster, New Jersey 07921.  AT&T Communications of Texas, LLC admits that it is a wholly owned subsidiary of AT&T Corp.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 4 of the Complaint.

5.      AT&T Operations, Inc. admits that it formerly conducted business under the name SBC Operations, Inc.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 5 of the Complaint.

6.      AT&T Services, Inc. admits that it is a Delaware corporation with a place of business at 175 E. Houston, San Antonio, Texas 78205.  AT&T Services, Inc. admits that it is a partially owned subsidiary of AT&T Inc.  AT&T Services, Inc. admits that it formerly conducted business under the name SBC Services, Inc.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 6 of the Complaint.

7.     The AT&T Defendants deny each and every allegation contained in paragraph 7 of the Complaint.

8.     SBC Internet Services, LLC admits that it is a California limited liability with a place of business at 1010 N. Saint Mary's Street, San Antonio, Texas 78215.  SBC Internet Services, LLC further admits that it has conducted limited business under the names AT&T Entertainment Services and AT&T Internet Services.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 8 of the Complaint.

9.     Southwestern Bell Telephone Company admits that it is a Delaware corporation with a place of business at 208 S. Akard St., Dallas, Texas 75202.  Southwestern Bell Telephone Company admits that it is a wholly owned subsidiary of AT&T Inc.  Southwestern Bell Telephone Company admits that it has conducted limited business under the names AT&T Arkansas, AT&T Missouri, AT&T Oklahoma, AT&T Texas, AT&T Southwest, AT&T DataComm, and AT&T Wholesale.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 9 of the Complaint.

**NATURE OF THE ACTION**

10.     The AT&T Defendants admit that the Complaint purports to state an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, but deny that the subject matter of this action is legally valid or sufficient.  The AT&T Defendants admit that IV, in its Complaint, purports to define the "Patents-in-Suit" as United States Patent No. 6,424,636 ("the '636 Patent"), United States Patent No. 6,246,695 ("the '695 Patent"), United States Patent No. 5,790,548 ("the '548 Patent"), United States Patent No. 6,101,182 ("the '182 Patent"), United States Patent No. 5,534,912 ("the '912 Patent"), United States Patent No. 7,817,532 ("the '532 Patent"), United States Patent No. 7,649,928 ("the '928 Patent"), United States Patent No. 8,045,601 ("the '601 Patent"), United States Patent No. 7,860,175 ("the '175 Patent"), United States Patent No. 6,498,808

("the '808 Patent"), United States Patent No. 6,667,991 ("the '991 Patent"), United States Patent No. 6,654,410 ("the '410 Patent"), United States Patent No. 7,508,876 ("the '876 Patent"), United States Patent No. 6,567,473 ("the '473 Patent"), United States Patent No. 6,798,735 ("the '735 Patent"), United States Patent No. 6,266,348 ("the '348 Patent"), United States Patent No. 7,272,171 ("the '171 Patent"), United States Patent No. 7,826,545 ("the '545 Patent"), and United States Patent No. 6,647,068 ("the '068 Patent") (collectively, the "Patents-in-Suit").   To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.    The AT&T Defendants admit that this action purports to arise under the patent laws of the United States, Title 35, United States Code, but denies that the subject matter of this action is legally valid or sufficient.   The AT&T Defendants admit that this Court has subject matter jurisdiction over such actions pursuant to 28 U.S.C. §§ 1331 and 1338(a).   To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 11 of the Complaint.

12.    The AT&T Defendants deny each and every allegation contained in paragraph 12 of the Complaint.

13.    The AT&T Defendants admit that certain of the AT&T Defendants have conducted limited business in this judicial district.   To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 13 of the Complaint.

14.    AT&T Services, Inc., SBC Internet Services, Inc., and Southwestern Bell Telephone Company admit that each of these parties has a place of business within the State of Texas.   To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint contains a legal conclusion to which no admission or denial is required.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint contains a legal conclusion to which no admission or denial is required.  However, AT&T Services, Inc. and SBC Internet Services, Inc. admit that each of these parties has a place of business within this judicial district.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 16 of the Complaint.

17.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint, and therefore deny them.

18.     Paragraph 18 of the Complaint contains a legal conclusion to which no admission or denial is required.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 18 of the Complaint.

### THE PATENTS-IN-SUIT

19.     The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-18.

20.     The AT&T Defendants admit that, on its face, United States Patent No. 6,424,636 ("the '636 Patent") indicates that it was issued by the United States Patent and Trademark Office on July 23, 2002.  The AT&T Defendants further admit that, on its face, the '636 Patent indicates that it is entitled "Variable Rate and Variable Mode Transmission System."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '636 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 20 of the Complaint.

21.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 21 relating to the assignment and ownership of the '636

Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 21 of the Complaint.

22.     The AT&T Defendants admit that, on its face, United States Patent No. 6,246,695 ("the '695 Patent") indicates that it was issued by the United States Patent and Trademark Office on June 12, 2001.  The AT&T Defendants further admit that, on its face, the '695 Patent indicates that it is entitled "Variable Rate and Variable Mode Transmission System."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '695 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 22 of the Complaint.

23.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 23 relating to the assignment and ownership of the '695 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 23 of the Complaint.

24.     The AT&T Defendants admit that, on its face, United States Patent No. 5,790,548 ("the '548 Patent") indicates that it was issued by the United States Patent and Trademark Office on August 4, 1998.  The AT&T Defendants further admit that, on its face, the '548 Patent indicates that it is entitled "Universal Access Multimedia Data Network."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '548 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 24 of the Complaint.

25.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 25 relating to the assignment and ownership of the '548 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 25 of the Complaint.

26.     The AT&T Defendants admit that, on its face, United States Patent No. 6,101,182 ("the '182 Patent") indicates that it was issued by the United States Patent and Trademark Office on August 8, 2000.  The AT&T Defendants further admit that, on its face, the '182 Patent indicates that it is entitled "Universal Access Multimedia Data Network."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '182 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 26 of the Complaint.

27.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 27 relating to the assignment and ownership of the '182 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 27 of the Complaint.

28.     The AT&T Defendants admit that, on its face, United States Patent No. 5,534,912 ("the '912 Patent") indicates that it was issued by the United States Patent and Trademark Office on July 9, 1996.  The AT&T Defendants further admit that, on its face, the '912 Patent indicates that it is entitled "Extended Range Video On Demand Distribution System."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '912 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 28 of the Complaint.

29.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 29 relating to the assignment and ownership of the '912 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 29 of the Complaint.

30.     The AT&T Defendants admit that, on its face, United States Patent No. 7,817,532 ("the '532 Patent") indicates that it was issued by the United States Patent and Trademark Office on October

19, 2010.  The AT&T Defendants further admit that, on its face, the '532 Patent indicates that it is entitled "Adaptive Allocation for Variable Bandwidth Multicarrier Communication."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '532 Patent to the Complaint. To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 30 of the Complaint.

31.    The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 31 relating to the assignment and ownership of the '532 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 31 of the Complaint.

32.    The AT&T Defendants admit that, on its face, United States Patent No. 7,649,928 ("the '928 Patent") indicates that it was issued by the United States Patent and Trademark Office on January 19, 2010.  The AT&T Defendants further admit that, on its face, the '928 Patent indicates that it is entitled "Method for Synchronizing Seamless Rate Adaptation."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '928 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 32 of the Complaint.

33.    The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 33 relating to the assignment and ownership of the '928 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 33 of the Complaint.

34.    The AT&T Defendants admit that, on its face, United States Patent No. 8,045,601 ("the '601 Patent") indicates that it was issued by the United States Patent and Trademark Office on October 25, 2011.  The AT&T Defendants further admit that, on its face, the '601 Patent indicates that it is entitled "Method for Synchronizing Seamless Rate Adaptation."  The AT&T Defendants admit that IV

has attached a copy of what appears to be the '601 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 34 of the Complaint.

35.  The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 35 relating to the assignment and ownership of the '601 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 35 of the Complaint.

36.  The AT&T Defendants admit that, on its face, United States Patent No. 7,860,175 ("the '175 Patent") indicates that it was issued by the United States Patent and Trademark Office on December 28, 2010.  The AT&T Defendants further admit that, on its face, the '175 Patent indicates that it is entitled "Method for Seamlessly Changing Power Modes in an ADSL System."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '175 Patent to the Complaint. To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 36 of the Complaint.

37.  The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 37 relating to the assignment and ownership of the '175 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 37 of the Complaint.

38.  The AT&T Defendants admit that, on its face, United States Patent No. 6,498,808 ("the '808 Patent") indicates that it was issued by the United States Patent and Trademark Office on December 24, 2002.  The AT&T Defendants further admit that, on its face, the '808 Patent indicates that it is entitled "Seamless Rate Adaptive Multicarrier Modulation System and Protocols."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '808 Patent to the

Complaint.   To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 38 of the Complaint.

39.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 39 relating to the assignment and ownership of the '808 Patent, and therefore deny them.   To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 39 of the Complaint.

40.     The AT&T Defendants admit that, on its face, United States Patent No. 6,667,991 ("the '991 Patent") indicates that it was issued by the United States Patent and Trademark Office on December 23, 2003.   The AT&T Defendants further admit that, on its face, the '991 Patent indicates that it is entitled "Method for Synchronizing Seamless Rate Adaptation."   The AT&T Defendants admit that IV has attached a copy of what appears to be the '991 Patent to the Complaint.   To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 40 of the Complaint.

41.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 41 relating to the assignment and ownership of the '991 Patent, and therefore deny them.   To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 41 of the Complaint.

42.     The AT&T Defendants admit that, on its face, United States Patent No. 6,654,410 ("the '410 Patent") indicates that it was issued by the United States Patent and Trademark Office on November 25, 2003.   The AT&T Defendants further admit that, on its face, the '410 Patent indicates that it is entitled "Fast Initialization Using Seamless Rate Adaptation."   The AT&T Defendants admit that IV has attached a copy of what appears to be the '410 Patent to the Complaint.   To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 42 of the Complaint.

43.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 43 relating to the assignment and ownership of the '410 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 43 of the Complaint.

44.     The AT&T Defendants admit that, on its face, United States Patent No. 7,508,876 ("the '876 Patent") indicates that it was issued by the United States Patent and Trademark Office on March 24, 2009.  The AT&T Defendants further admit that, on its face, the '876 Patent indicates that it is entitled "Fast Initialization Using Seamless Rate Adaptation."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '876 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 44 of the Complaint.

45.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 45 relating to the assignment and ownership of the '876 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 45 of the Complaint.

46.     The AT&T Defendants admit that, on its face, United States Patent No. 6,657,473 ("the '473 Patent") indicates that it was issued by the United States Patent and Trademark Office on May 20, 2003.  The AT&T Defendants further admit that, on its face, the '473 Patent indicates that it is entitled "Method for Seamlessly Changing Power Modes in a ADSL System."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '473 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 46 of the Complaint.

47.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 47 relating to the assignment and ownership of the '473

Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 47 of the Complaint.

48.     The AT&T Defendants admit that, on its face, United States Patent No. 6,798,735 ("the '735 Patent") indicates that it was issued by the United States Patent and Trademark Office on September 28, 2004.  The AT&T Defendants further admit that, on its face, the '735 Patent indicates that it is entitled "Adaptive Allocation for Variable Bandwidth Multicarrier Communication."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '735 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 48 of the Complaint.

49.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 49 relating to the assignment and ownership of the '735 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 49 of the Complaint.

50.     The AT&T Defendants admit that, on its face, United States Patent No. 6,266,348 ("the '348 Patent") indicates that it was issued by the United States Patent and Trademark Office on July 24, 2001.  The AT&T Defendants further admit that, on its face, the '348 Patent indicates that it is entitled "Splitterless Multicarrier Modem."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '348 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 50 of the Complaint.

51.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 51 relating to the assignment and ownership of the '348 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 51 of the Complaint.

52.     The AT&T Defendants admit that, on its face, United States Patent No. 7,272,171 ("the '171 Patent") indicates that it was issued by the United States Patent and Trademark Office on September 18, 2007.  The AT&T Defendants further admit that, on its face, the '171 Patent indicates that it is entitled "Variable State Length Initialization."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '171 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 52 of the Complaint.

53.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 53 relating to the assignment and ownership of the '171 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 53 of the Complaint.

54.     The AT&T Defendants admit that, on its face, United States Patent No. 7,826,545 ("the '545 Patent") indicates that it was issued by the United States Patent and Trademark Office on November 2, 2010.  The AT&T Defendants further admit that, on its face, the '545 Patent indicates that it is entitled "Variable State Length Initialization."  The AT&T Defendants admit that IV has attached a copy of what appears to be the '545 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 54 of the Complaint.

55.     The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 55 relating to the assignment and ownership of the '545 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 55 of the Complaint.

56.     The AT&T Defendants admit that, on its face, United States Patent No. 6,647,068 ("the '068 Patent") indicates that it was issued by the United States Patent and Trademark Office on

November 11, 2003.  The AT&T Defendants further admit that, on its face, the '068 Patent indicates that it is entitled "Variable State Length Initialization."   The AT&T Defendants admit that IV has attached a copy of what appears to be the '068 Patent to the Complaint.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 56 of the Complaint.

57.    The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 57 relating to the assignment and ownership of the '068 Patent, and therefore deny them.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 57 of the Complaint.

### FACTUAL BACKGROUND

58.    The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 58 of the Complaint, and therefore deny them.

59.    The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 59 of the Complaint, and therefore deny them.

60.    The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 60 of the Complaint, and therefore deny them.

61.    The AT&T Defendants do not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 61 of the Complaint, and therefore deny them.

62.    The AT&T Defendants deny each and every allegation contained in paragraph 62 of the Complaint.

63.    The AT&T Defendants deny each and every allegation contained in paragraph 63 of the Complaint.

64.    The AT&T Defendants admit that a document entitled "AT&T U-verse[SM] Timeline" states that, on June 26, 2006, U-verse[SM] services were launched commercially in San Antonio, Texas.

The AT&T Defendants further admit that a press-release dated November 8, 2007, announced "the launch of AT&T U-verse<sup>SM</sup> in parts of local communities, including Austin, Pflugerville, and Round Rock." The AT&T Defendants also admit that a document entitled "AT&T U-verse<sup>SM</sup> Timeline" states that, on September 5, 2007, AT&T U-verse<sup>SM</sup> had "[r]eache[d] the 100,000 U-verse<sup>SM</sup> customer milestone." To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 64 of the Complaint.

65.    The AT&T Defendants admit that equipment that may be utilized in conjunction with DSL Internet services is offered for sale on the website www.att.com. The AT&T Defendants also admit that the website dsl.bus.att.com/gs/su.html states that, in some circumstances, DSL Internet services customers may "receive a *Self-Install Kit*" and, in other circumstances, "[a] technician from AT&T's DSL supplier will install [the] Customer Premises Equipment (modem)." To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 65 of the Complaint.

66.    The AT&T Defendants deny each and every allegation contained in paragraph 66 of the Complaint.

67.    The AT&T Defendants deny each and every allegation contained in paragraph 67 of the Complaint.

68.    The AT&T Defendants deny each and every allegation contained in paragraph 68 of the Complaint.

69.    The AT&T Defendants deny each and every allegation contained in paragraph 69 of the Complaint.

70.    The AT&T Defendants admit that the website www.att.com includes information related to DSL services. To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 70 of the Complaint.

71.     The AT&T Defendants deny that the AT&T Defendants infringe any valid and enforceable claim of the Patents-in-Suit.  The AT&T Defendants further deny that any of the AT&T Defendants are liable, collectively and/or individually, for infringement of the Patents-in-Suit.  To the extent not explicitly admitted, the AT&T Defendants deny each and every allegation contained in paragraph 71 of the Complaint.

## COUNT I:  INFRINGEMENT OF THE '636 PATENT

72.     The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-71.

73.     The AT&T Defendants deny each and every allegation contained in paragraph 73 of the Complaint.

74.     The AT&T Defendants deny each and every allegation contained in paragraph 74 of the Complaint.

75.     The AT&T Defendants deny each and every allegation contained in paragraph 75 of the Complaint.

76.     The AT&T Defendants deny each and every allegation contained in paragraph 76 of the Complaint.

77.     The AT&T Defendants deny each and every allegation contained in paragraph 77 of the Complaint.

## COUNT II:  INFRINGEMENT OF THE '695 PATENT

78.     The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-77.

79.     The AT&T Defendants deny each and every allegation contained in paragraph 79 of the Complaint.

80.    The AT&T Defendants deny each and every allegation contained in paragraph 80 of the Complaint.

81.    The AT&T Defendants deny each and every allegation contained in paragraph 81 of the Complaint.

82.    The AT&T Defendants deny each and every allegation contained in paragraph 82 of the Complaint.

83.    The AT&T Defendants deny each and every allegation contained in paragraph 83 of the Complaint.

## COUNT III:  INFRINGEMENT OF THE '548 PATENT

84.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-83.

85.    The AT&T Defendants deny each and every allegation contained in paragraph 85 of the Complaint.

86.    The AT&T Defendants deny each and every allegation contained in paragraph 86 of the Complaint.

87.    The AT&T Defendants deny each and every allegation contained in paragraph 87 of the Complaint.

88.    The AT&T Defendants deny each and every allegation contained in paragraph 88 of the Complaint.

89.    The AT&T Defendants deny each and every allegation contained in paragraph 89 of the Complaint.

## COUNT IV:  INFRINGEMENT OF THE '182 PATENT

90.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-89.

91.    The AT&T Defendants deny each and every allegation contained in paragraph 91 of the Complaint.

92.    The AT&T Defendants deny each and every allegation contained in paragraph 92 of the Complaint.

93.    The AT&T Defendants deny each and every allegation contained in paragraph 93 of the Complaint.

94.    The AT&T Defendants deny each and every allegation contained in paragraph 94 of the Complaint.

95.    The AT&T Defendants deny each and every allegation contained in paragraph 95 of the Complaint.

## COUNT V:  INFRINGEMENT OF THE '912 PATENT

96.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-95.

97.    The AT&T Defendants deny each and every allegation contained in paragraph 97 of the Complaint.

98.    The AT&T Defendants deny each and every allegation contained in paragraph 98 of the Complaint.

99.    The AT&T Defendants deny each and every allegation contained in paragraph 99 of the Complaint.

100.    The AT&T Defendants deny each and every allegation contained in paragraph 100 of the Complaint.

101.    The AT&T Defendants deny each and every allegation contained in paragraph 101 of the Complaint.

## COUNT VI:  INFRINGEMENT OF THE '532 PATENT

102.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-101.

103.    The AT&T Defendants deny each and every allegation contained in paragraph 103 of the Complaint.

104.    The AT&T Defendants deny each and every allegation contained in paragraph 104 of the Complaint.

105.    The AT&T Defendants deny each and every allegation contained in paragraph 105 of the Complaint.

106.    The AT&T Defendants deny each and every allegation contained in paragraph 106 of the Complaint.

## COUNT VII:  INFRINGEMENT OF THE '928 PATENT

107.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-106.

108.    The AT&T Defendants deny each and every allegation contained in paragraph 108 of the Complaint.

109.    The AT&T Defendants deny each and every allegation contained in paragraph 109 of the Complaint.

110.    The AT&T Defendants deny each and every allegation contained in paragraph 110 of the Complaint.

111.    The AT&T Defendants deny each and every allegation contained in paragraph 111 of the Complaint.

## COUNT VIII:  INFRINGEMENT OF THE '601 PATENT

112.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-111.

113.    The AT&T Defendants deny each and every allegation contained in paragraph 113 of the Complaint.

114.    The AT&T Defendants deny each and every allegation contained in paragraph 114 of the Complaint.

115.    The AT&T Defendants deny each and every allegation contained in paragraph 115 of the Complaint.

116.    The AT&T Defendants deny each and every allegation contained in paragraph 116 of the Complaint.

## COUNT IX:  INFRINGEMENT OF THE '175 PATENT

117.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-116.

118.    The AT&T Defendants deny each and every allegation contained in paragraph 118 of the Complaint.

119.    The AT&T Defendants deny each and every allegation contained in paragraph 119 of the Complaint.

120.    The AT&T Defendants deny each and every allegation contained in paragraph 120 of the Complaint.

121.    The AT&T Defendants deny each and every allegation contained in paragraph 121 of the Complaint.

## COUNT X:  INFRINGEMENT OF THE '808 PATENT

122.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-121.

123.    The AT&T Defendants deny each and every allegation contained in paragraph 123 of the Complaint.

124.    The AT&T Defendants deny each and every allegation contained in paragraph 124 of the Complaint.

125.    The AT&T Defendants deny each and every allegation contained in paragraph 125 of the Complaint.

126.    The AT&T Defendants deny each and every allegation contained in paragraph 126 of the Complaint.

127.    The AT&T Defendants deny each and every allegation contained in paragraph 127 of the Complaint.

## COUNT XI:  INFRINGEMENT OF THE '991 PATENT

128.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-127.

129.    The AT&T Defendants deny each and every allegation contained in paragraph 129 of the Complaint.

130.    The AT&T Defendants deny each and every allegation contained in paragraph 130 of the Complaint.

131.    The AT&T Defendants deny each and every allegation contained in paragraph 131 of the Complaint.

132.    The AT&T Defendants deny each and every allegation contained in paragraph 132 of the Complaint.

## COUNT XII:  INFRINGEMENT OF THE '410 PATENT

133.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-132.

134.    The AT&T Defendants deny each and every allegation contained in paragraph 134 of the Complaint.

135.    The AT&T Defendants deny each and every allegation contained in paragraph 135 of the Complaint.

136.    The AT&T Defendants deny each and every allegation contained in paragraph 136 of the Complaint.

137.    The AT&T Defendants deny each and every allegation contained in paragraph 137 of the Complaint.

## COUNT XIII:  INFRINGEMENT OF THE '876 PATENT

138.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-137.

139.    The AT&T Defendants deny each and every allegation contained in paragraph 139 of the Complaint.

140.    The AT&T Defendants deny each and every allegation contained in paragraph 140 of the Complaint.

141.    The AT&T Defendants deny each and every allegation contained in paragraph 141 of the Complaint.

142.    The AT&T Defendants deny each and every allegation contained in paragraph 142 of the Complaint.

## COUNT XIV:  INFRINGEMENT OF THE '473 PATENT

143.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-142.

144.    The AT&T Defendants deny each and every allegation contained in paragraph 144 of the Complaint.

145.    The AT&T Defendants deny each and every allegation contained in paragraph 145 of the Complaint.

146.    The AT&T Defendants deny each and every allegation contained in paragraph 146 of the Complaint.

147.    The AT&T Defendants deny each and every allegation contained in paragraph 147 of the Complaint.

## COUNT XV:  INFRINGEMENT OF THE '735 PATENT

148.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-147.

149.    The AT&T Defendants deny each and every allegation contained in paragraph 149 of the Complaint.

150.    The AT&T Defendants deny each and every allegation contained in paragraph 150 of the Complaint.

151.    The AT&T Defendants deny each and every allegation contained in paragraph 151 of the Complaint.

152.    The AT&T Defendants deny each and every allegation contained in paragraph 152 of the Complaint.

## COUNT XVI:  INFRINGEMENT OF THE '348 PATENT

153.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-152.

154.    The AT&T Defendants deny each and every allegation contained in paragraph 154 of the Complaint.

155.    The AT&T Defendants deny each and every allegation contained in paragraph 155 of the Complaint.

156.    The AT&T Defendants deny each and every allegation contained in paragraph 156 of the Complaint.

157.    The AT&T Defendants deny each and every allegation contained in paragraph 157 of the Complaint.

158.    The AT&T Defendants deny each and every allegation contained in paragraph 158 of the Complaint.

### COUNT XVII:  INFRINGEMENT OF THE '171 PATENT

159.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-158.

160.    The AT&T Defendants deny each and every allegation contained in paragraph 160 of the Complaint.

161.    The AT&T Defendants deny each and every allegation contained in paragraph 161 of the Complaint.

162.    The AT&T Defendants deny each and every allegation contained in paragraph 162 of the Complaint.

163.    The AT&T Defendants deny each and every allegation contained in paragraph 163 of the Complaint.

### COUNT XVIII:  INFRINGEMENT OF THE '545 PATENT

164.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-163.

165.    The AT&T Defendants deny each and every allegation contained in paragraph 165 of the Complaint.

166.    The AT&T Defendants deny each and every allegation contained in paragraph 166 of the Complaint.

167.    The AT&T Defendants deny each and every allegation contained in paragraph 167 of the Complaint.

168.    The AT&T Defendants deny each and every allegation contained in paragraph 168 of the Complaint.

## COUNT XIX:  INFRINGEMENT OF THE '068 PATENT

169.    The AT&T Defendants repeat and incorporate by reference the responses contained in paragraphs 1-168.

170.    The AT&T Defendants deny each and every allegation contained in paragraph 170 of the Complaint.

171.    The AT&T Defendants deny each and every allegation contained in paragraph 171 of the Complaint.

172.    The AT&T Defendants deny each and every allegation contained in paragraph 172 of the Complaint.

173.    The AT&T Defendants deny each and every allegation contained in paragraph 173 of the Complaint.

## PRAYER FOR RELIEF

174.    The AT&T Defendants deny the allegations contained in Paragraphs a-x of its Prayer for Relief.  The AT&T Defendants further deny that IV is entitled to any relief in any form whatsoever from the AT&T Defendants and specifically deny that IV is entitled to any of the relief requested in Paragraphs t-x of its Prayer for Relief.

## DEMAND FOR JURY TRIAL

175.    The AT&T Defendants admit that the Complaint sets forth a demand for a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

176.    The AT&T Defendants assert the following affirmative and other defenses, and reserves the right to amend its answer as additional information becomes available and additional defenses become apparent.

### First Defense

177.    Plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense

178.    The AT&T Defendants have not willfully or otherwise infringed, directly or indirectly, either literally or under the doctrine of equivalents, either individually or collectively, any claim of the Patents-in-Suit.

### Third Defense

179.    The claims of the Patents-in-Suit are invalid, *inter alia*, for failure to comply with Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Defense

180.    On information and belief, IV's claims are barred by the doctrine of prosecution history estoppel.

**Fifth Defense**

181.    On information and belief, IV's claims of alleged infringement of the Patents-in-Suit are barred or limited by laches, estoppel, and/or other equitable defenses, including waiver.

**Sixth Defense**

182.    On information and belief, IV's claims are barred because the equitable doctrine of prosecution laches renders the Patents-in-Suit unenforceable.

**Seventh Defense**

183.    On information and belief, the AT&T Defendants have not engaged in any conduct that entitles IV to attorneys' fees or costs.

**Eighth Defense**

184.    On information and belief, IV's ability to recover costs associated with this action is barred by 35 U.S.C. § 288.

**Ninth Defense**

185.    On information and belief, IV's ability to recover for any alleged infringement is barred or limited under 35 U.S.C. § 286.

**Tenth Defense**

186.    On information and belief, IV's ability to recover for any alleged infringement is barred or limited by its failure to meet the requirements of 35 U.S.C. § 287.

**Eleventh Defense**

187.    On information and belief, any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the Patents-in-Suit.

**Twelfth Defense**

188.    One or more claims of the Patents-in-Suit are invalid for double patenting.

**Thirteenth Defense**

189.    On information and belief, the Patents-in-Suit are unenforceable due to failure to disclose the patents to a standards setting organization and/or subject to requirements to license under fair, reasonable and non-discriminative terms.

**Fourteenth Defense**

190.    IV's requested relief is barred or limited, in whole or in part, by license, implied license, patent exhaustion, the first-sale doctrine, and/or restrictions on double recovery.

## COUNTERCLAIMS

The AT&T Defendants, as counterclaim plaintiffs, allege as follows:

1.     Counterclaim-Plaintiff AT&T Corp. is a New York corporation with a place of business at One AT&T Way, Bedminster, New Jersey 07921.

2.     Counterclaim-Plaintiff AT&T Communications of Texas, LLC is a Delaware limited liability corporation with a place at One AT&T Way, Bedminster, New Jersey 07921.

3.     Counterclaim-Plaintiff AT&T Operations, Inc. was a Delaware corporation with a place of business at 530 McCullough Avenue, San Antonio, Texas 78205.

4.     Counterclaim-Plaintiff AT&T Services, Inc. is a Delaware corporation with a place of business at 175 E. Houston, San Antonio, Texas 78205.

5.     Counterclaim-Plaintiff AT&T Video Services, LLC was a Delaware limited liability company with a place of business at 1010 N. Saint Mary's Street, San Antonio, Texas 78215.

6.     Counterclaim-Plaintiff SBC Internet Services, Inc. is a California corporation with a place of business 1010 N. Saint Mary's Street, San Antonio, Texas 78215.

7.     Counterclaim-Plaintiff Southwestern Bell Telephone Company is a Delaware corporation with a place of business at 208 S. Akard St., Dallas, Texas 75202.

8.     On information and belief, Counterclaim-Defendant, Intellectual Ventures II, LLC ("IV"), is a Delaware limited liability corporation with its principal place of business in Bellvue, Washington.

9.     These counterclaims include claims for declaratory judgment of non-infringement and invalidity.  Jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, Title 35, United States Code, as well as 28 U.S.C. §§ 1331 and 1338.

10.     Venue is proper in this Court and judicial district for counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400(b).  IV has consented to venue in this Court by bringing this action against the AT&T Defendants and thus venue for the AT&T Defendants' counterclaims may be proper in this district.

11.     In its Complaint for Patent Infringement, IV alleges that the AT&T Defendants have infringed, and continue to infringe, United States Patent No. 6,424,636 ("the '636 Patent"), United States Patent No. 6,246,695 ("the '695 Patent"), United States Patent No. 5,790,548 ("the '548 Patent"), United States Patent No. 6,101,182 ("the '182 Patent"), United States Patent No. 5,534,912 ("the '912 Patent"), United States Patent No. 7,817,532 ("the '532 Patent"), United States Patent No. 7,649,928 ("the '928 Patent"), United States Patent No. 8,045,601 ("the '601 Patent"), United States Patent No. 7,860,175 ("the '175 Patent"), United States Patent No. 6,498,808 ("the '808 Patent"), United States Patent No. 6,667,991 ("the '991 Patent"), United States Patent No. 6,654,410 ("the '410 Patent"), United States Patent No. 7,508,876 ("the '876 Patent"), United States Patent No. 6,567,473 ("the '473 Patent"), United States Patent No. 6,798,735 ("the '735 Patent"), United States Patent No. 6,266,348 ("the '348 Patent"), United States Patent No. 7,272,171 ("the '171 Patent"), United States Patent No. 7,826,545 ("the '545 Patent"), and United States Patent No. 6,647,068 ("the '068 Patent") (collectively, the "Patents-in-Suit").

12.     Based upon the filing of the Complaint, and the allegations contained therein, there exists an actual and justiciable controversy between the AT&T Defendants and IV relating at least to the AT&T Defendants' alleged infringement of the claims of Patents-in-Suit, and the validity of the claims of the Patents-in-Suit.  Thus, the AT&T Defendants request a declaration from the Court in its favor with respect to the Counts listed below.

**COUNT 1:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '636 PATENT**

13.    The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-12 of their Counterclaims.

14.    IV claims to own all substantial right, title, and interest in the '636 Patent.

15.    IV alleges that the AT&T Defendants have infringed and are infringing the '636 Patent.

16.    The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '636 Patent, either literally or under the doctrine of equivalents.

17.    The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '636 Patent.

**COUNT 2:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '695 PATENT**

18.    The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-17 of their Counterclaims.

19.    IV claims to own all substantial right, title, and interest in the '695 Patent.

20.    IV alleges that the AT&T Defendants have infringed and are infringing the '695 Patent.

21.    The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '695 Patent, either literally or under the doctrine of equivalents.

22.    The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '695 Patent.

**COUNT 3:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '548 PATENT**

23.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-22 of their Counterclaims.

24.     IV claims to own all substantial right, title, and interest in the '548 Patent.

25.     IV alleges that the AT&T Defendants have infringed and are infringing the '548 Patent.

26.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '548 Patent, either literally or under the doctrine of equivalents.

27.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '548 Patent.

**COUNT 4:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '182 PATENT**

28.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-27 of their Counterclaims.

29.     IV claims to own all substantial right, title, and interest in the '182 Patent.

30.     IV alleges that the AT&T Defendants have infringed and are infringing the '182 Patent.

31.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '182 Patent, either literally or under the doctrine of equivalents.

32.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '182 Patent.

**COUNT 5:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '912 PATENT**

33.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-32 of their Counterclaims.

34.     IV claims to own all substantial right, title, and interest in the '912 Patent.

35.     IV alleges that the AT&T Defendants have infringed and are infringing the '912 Patent.

36.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '912 Patent, either literally or under the doctrine of equivalents.

37.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '912 Patent.

**COUNT 6:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '532 PATENT**

38.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-37 of their Counterclaims.

39.     IV claims to own all substantial right, title, and interest in the '532 Patent.

40.     IV alleges that the AT&T Defendants have infringed and are infringing the '532 Patent.

41.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '532 Patent, either literally or under the doctrine of equivalents.

42.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '532 Patent.

**COUNT 7:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '928 PATENT**

43.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-42 of their Counterclaims.

44.     IV claims to own all substantial right, title, and interest in the '928 Patent.

45.     IV alleges that the AT&T Defendants have infringed and are infringing the '928 Patent.

46.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '928 Patent, either literally or under the doctrine of equivalents.

47.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '928 Patent.

**COUNT 8:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '601 PATENT**

48.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-47 of their Counterclaims.

49.     IV claims to own all substantial right, title, and interest in the '601 Patent.

50.     IV alleges that the AT&T Defendants have infringed and are infringing the '601 Patent.

51.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '601 Patent, either literally or under the doctrine of equivalents.

52.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '601 Patent.

**COUNT 9:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '175 PATENT**

53.    The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-52 of their Counterclaims.

54.    IV claims to own all substantial right, title, and interest in the '175 Patent.

55.    IV alleges that the AT&T Defendants have infringed and are infringing the '175 Patent.

56.    The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '175 Patent, either literally or under the doctrine of equivalents.

57.    The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '175 Patent.

**COUNT 10:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '808 PATENT**

58.    The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-57 of their Counterclaims.

59.    IV claims to own all substantial right, title, and interest in the '808 Patent.

60.    IV alleges that the AT&T Defendants have infringed and are infringing the '808 Patent.

61.    The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '808 Patent, either literally or under the doctrine of equivalents.

62.    The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '808 Patent.

**COUNT 11:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '991 PATENT**

63.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-62 of their Counterclaims.

64.     IV claims to own all substantial right, title, and interest in the '991 Patent.

65.     IV alleges that the AT&T Defendants have infringed and are infringing the '991 Patent.

66.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '991 Patent, either literally or under the doctrine of equivalents.

67.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '991 Patent.

**COUNT 12:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '410 PATENT**

68.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-67 of their Counterclaims.

69.     IV claims to own all substantial right, title, and interest in the '410 Patent.

70.     IV alleges that the AT&T Defendants have infringed and are infringing the '410 Patent.

71.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '410 Patent, either literally or under the doctrine of equivalents.

72.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '410 Patent.

**COUNT 13:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '876 PATENT**

73.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-72 of their Counterclaims.

74.     IV claims to own all substantial right, title, and interest in the '876 Patent.

75.     IV alleges that the AT&T Defendants have infringed and are infringing the '876 Patent.

76.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '876 Patent, either literally or under the doctrine of equivalents.

77.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '876 Patent.

**COUNT 14:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '473 PATENT**

78.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-77 of their Counterclaims.

79.     IV claims to own all substantial right, title, and interest in the '473 Patent.

80.     IV alleges that the AT&T Defendants have infringed and are infringing the '473 Patent.

81.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '473 Patent, either literally or under the doctrine of equivalents.

82.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '473 Patent.

**COUNT 15:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '735 PATENT**

83.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-82 of their Counterclaims.

84.     IV claims to own all substantial right, title, and interest in the '735 Patent.

85.     IV alleges that the AT&T Defendants have infringed and are infringing the '735 Patent.

86.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '735 Patent, either literally or under the doctrine of equivalents.

87.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '735 Patent.

**COUNT 16:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '348 PATENT**

88.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-87 of their Counterclaims.

89.     IV claims to own all substantial right, title, and interest in the '348 Patent.

90.     IV alleges that the AT&T Defendants have infringed and are infringing the '348 Patent.

91.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '348 Patent, either literally or under the doctrine of equivalents.

92.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '348 Patent.

**COUNT 17:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '171 PATENT**

93.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-92 of their Counterclaims.

94.     IV claims to own all substantial right, title, and interest in the '171 Patent.

95.     IV alleges that the AT&T Defendants have infringed and are infringing the '171 Patent.

96.     The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '171 Patent, either literally or under the doctrine of equivalents.

97.     The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '171 Patent.

**COUNT 18:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '545 PATENT**

98.     The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-97 of their Counterclaims.

99.     IV claims to own all substantial right, title, and interest in the '545 Patent.

100.    IV alleges that the AT&T Defendants have infringed and are infringing the '545 Patent.

101.    The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '545 Patent, either literally or under the doctrine of equivalents.

102.    The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '545 Patent.

**COUNT 19:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '068 PATENT**

103.    The AT&T Defendants reasserts all the facts and allegations contained in paragraphs 1-102 of their Counterclaims.

104.    IV claims to own all substantial right, title, and interest in the '068 Patent.

105.    IV alleges that the AT&T Defendants have infringed and are infringing the '068 Patent.

106.    The AT&T Defendants do not and have not, willfully or otherwise, directly or indirectly infringed any valid and enforceable claim of the '068 Patent, either literally or under the doctrine of equivalents.

107.    The AT&T Defendants request a judicial determination and declaration that the AT&T Defendants do not and have not infringed, either directly or indirectly, any valid and enforceable claim of the '068 Patent.

**COUNT 20:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '636 PATENT**

108.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-107 of their Counterclaims.

109.    All claims of the '636 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

110.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '636 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 21:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '695 PATENT**

111.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-110 of their Counterclaims.

112.    All claims of the '695 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

113.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '695 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 22:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '548 PATENT**

114.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-113 of their Counterclaims.

115.    All claims of the '548 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

116.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '548 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 23:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '182 PATENT**

117.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-116 of their Counterclaims.

118.    All claims of the '182 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

119.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '182 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 24:   DECLARATORY JUDGMENT OF INVALIDITY OF THE '912 PATENT**

120.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-119 of their Counterclaims.

121.    All claims of the '912 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

122.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '912 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 25:   DECLARATORY JUDGMENT OF INVALIDITY OF THE '532 PATENT**

123.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-122 of their Counterclaims.

124.    All claims of the '532 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

125.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '532 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 26:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '928 PATENT**

126.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-125 of their Counterclaims.

127.    All claims of the '928 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

128.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '928 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 27:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '601 PATENT**

129.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-128 of their Counterclaims.

130.    All claims of the '601 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

131.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '601 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 28:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '175 PATENT**

132.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-131 of their Counterclaims.

133.    All claims of the '175 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

134.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '175 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 29:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '808 PATENT**

135.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-134 of their Counterclaims.

136.    All claims of the '808 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

137.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '808 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 30  DECLARATORY JUDGMENT OF INVALIDITY OF THE '991 PATENT**

138.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-137 of their Counterclaims.

139.    All claims of the '991 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

140.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '991 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 31:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '410 PATENT**

141.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-140 of their Counterclaims.

142.    All claims of the '410 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

143.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '410 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 32:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '876 PATENT**

144.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-143 of their Counterclaims.

145.    All claims of the '876 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

146.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '876 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 33:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '473 PATENT**

147.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-146 of their Counterclaims.

148.    All claims of the '473 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

149.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '473 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 34:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '735 PATENT**

150.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-149 of their Counterclaims.

151.    All claims of the '735 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

152.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '735 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 35:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '348 PATENT**

153.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-152 of their Counterclaims.

154.    All claims of the '348 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

155.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '348 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 36:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '171 PATENT**

156.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-155 of their Counterclaims.

157.    All claims of the '171 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

158.    The AT&T defendants request a judicial determination and declaration that the asserted claims of the '171 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 37:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '545 PATENT**

159.    The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-158 of their Counterclaims.

160.    All claims of the '545 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

161.   The AT&T defendants request a judicial determination and declaration that the asserted claims of the '545 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT 38:  DECLARATORY JUDGMENT OF INVALIDITY OF THE '068 PATENT**

162.   The AT&T Defendants reassert all the facts and allegations contained in paragraphs 1-161 of their Counterclaims.

163.   All claims of the '068 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

164.   The AT&T defendants request a judicial determination and declaration that the asserted claims of the '068 Patent are invalid and/or unenforceable for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35 United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**<u>PRAYER FOR RELIEF</u>**

The AT&T Defendants pray that judgment be entered in its favor and against IV as follows:

A.   dismissing with prejudice IV's Complaint against the AT&T Defendants and entering a take-nothing judgment against IV and in favor of the AT&T Defendants;

B.   entering judgment in favor of the AT&T Defendants declaring that the AT&T Defendants have not, and do not, infringe any claim of the '636 Patent, the '695 Patent, the '548 Patent, the '182 Patent, the '912 Patent, the '532 Patent, the '928 Patent, the '601 Patent, the '175 Patent, the '808 Patent, the '991 Patent, the '410 Patent, the '876 Patent, the '473 Patent, the '735 Patent, the '348 Patent, the '171 Patent, the '545 Patent, and the '068 Patent;

C.   entering judgment in favor of the AT&T Defendants declaring that each and every claim of the '636 Patent, the '695 Patent, the '548 Patent, the '182 Patent, the '912 Patent, the '532

Patent, the '928 Patent, the '601 Patent, the '175 Patent, the '808 Patent, the '991 Patent, the '410 Patent, the '876 Patent, the '473 Patent, the '735 Patent, the '348 Patent, the '171 Patent, the '545 Patent, and the '068 Patent is invalid and/or unenforceable;

D.    awarding all costs of this case to the AT&T Defendants;

E.    entering judgment in favor of the AT&T Defendants finding that this case is exceptional and awarding attorneys' fees and costs under 35 U.S.C. § 285 to the AT&T Defendants; and

F.    awarding the AT&T Defendants any other relief as the Court or a jury deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, the AT&T Defendants hereby demand a trial by jury on all issues so triable, including, without limitation, IV's claims against the AT&T Defendants and the defenses and counterclaims of the AT&T Defendants.

DATED: May 11, 2016                              Respectfully submitted,

                                                          BAKER BOTTS L.L.P.
*/s/ Darryl J. Adams*
Bryant C. Boren, Jr.
*Lead Attorney*
State Bar No. 02664100
**BAKER BOTTS L.L.P.**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, California 94304
Telephone: 650-739-7501
Facsimile: 650-739-7601
bryant.c.boren@bakerbotts.com

Darryl J. Adams
State Bar No. 00796101
**BAKER BOTTS L.L.P.**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: 512.322.2500
Facsimile: 512.322.2501
darryl.adams@bakerbotts.com

Roger Fulghum
State Bar No. 00790724
Ali Dhanani
State Bar No. 24055400
**BAKER BOTTS L.L.P.**
910 Louisiana St.
Houston, TX 77002
Telephone: 713.229.1234
Facsimile: 713.229.7750
roger.fulghum@bakerbotts.com
ali.dhanani@bakerbotts.com

Alan D Albright
**BRACEWELL LLP**
111 Congress Ave., Suite 2300
Austin, TX 78701
512-494-3620
Fax: 512-472-9123
alan.albright@bracewelllaw.com

*Counsel for Defendants AT&T Corp., AT&T*
*Communications of Texas, LLC, AT&T Operations,*
*Inc., AT&T Services, Inc., AT&T Video Services,*
*Inc., SBC Internet Services, Inc., and Southwestern*
*Bell Telephone Co.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2016, a true and correct copy of Defendants' Answer and Counterclaims to Intellectual Ventures II's Complaint for Patent Infringement was filed through the CM/ECF system of the Western District of Texas and was served by that system on all counsel of record.


<u>/s/ *Darryl J. Adams*                    </u>
Darryl J. Adams